**USDC-SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC#:**
**DATE FILED:** 6/29/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, WELFARE FUND,
ANNUITY FUND, AND
APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND
INDUSTRY FUND, TRUSTEES OF THE
NEW YORK CITY CARPENTERS RELIEF
AND CHARITY FUND, THE NEW YORK
CITY AND VICINITY CARPENTERS
LABOR-MANAGEMENT CORPORATION,
and NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS,

               Petitioners,

v.

BRONX BASE BUILDERS, LTD.,

               Respondent.

No. 15-CV-4438 (RA)

OPINION AND ORDER

---

RONNIE ABRAMS, United States District Judge:

Petitioners, Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, the New York City and Vicinity Carpenters Labor Management Corporation, and the New York City District Council of Carpenters ("Petitioners" or the "Funds") by and through their attorneys, Virginia & Ambinder, LLP ("V&A"), petitioned this Court to confirm and enforce an arbitration award entered against Respondent, Bronx Base Builders, Ltd. Respondent has neither responded to Petitioners' confirmation action nor otherwise sought relief. For the reasons that follow, the petition to confirm the award is granted.

## BACKGROUND

On April 29, 2005, Respondent executed a Collective Bargaining Agreement (the "CBA") with the New York City District Council of Carpenters f/k/a District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America, AFL-CIO (the "Union"). Pet. ¶¶ 1, 9; *see also id.* Ex. A (hereinafter "CBA"). Petitioners allege that the parties to the agreement have not "terminated or modified the CBA and the CBA remains in full force and effect." *Id.* ¶ 9. In 2006, Respondent executed an Interim Compliance Agreement (the "Interim Agreement") with the Union in which it agreed to continue to abide by the CBA's terms. *Id.* ¶ 10; *see also id.* Ex. B (hereinafter "Interim Agreement").

Among other things, the CBA obliges Respondent "to make certain contributions to the Funds for all work within the trade and geographical jurisdiction of the Union" and to "make available . . . all pertinent books and records, including all cash disbursement records, required for an audit, to enable a said auditor to ascertain and to verify, independently, that the proper contributions hereunder have been paid and such records will be produced whenever deemed necessary." Pet. ¶ 11; CBA 36–38. The CBA also provides that "[s]hould any dispute or disagreement arise between . . . the Union and any Employer-member signatory hereto, concerning any claim arising from payments to the Fund of principal and/or interest which is allegedly due, either party may seek arbitration of the dispute before the impartial arbitrator designated hereunder." CBA at 44–45. The CBA further provides that if such "proceedings are instituted before an arbitrator . . . to collect delinquent contributions . . . and if such arbitrator renders an award in favor of [the] Funds, the arbitrator shall be empowered to award such interest, liquidated damages, and/or costs as may be applicable under [this] Agreement." *Id.* at 45.

Pursuant to the CBA, Petitioners conducted an audit of Respondent's books and records for the period from September 26, 2012 to June 24, 2014. Pet. ¶ 16. The audit revealed that

2

Respondent had failed to contribute the principal amount of $826,569.48 to the Funds in violation of the CBA. *Id.* ¶ 16. When Respondent failed to remit this delinquent sum to the Funds, "Petitioners initiated arbitration before the designated arbitrator, Roger E. Maher" and "noticed said arbitration by mailing a Notice of Hearing by regular and certified mail" on March 3, 2015. *Id.* ¶ 17; *see also id.* Ex. C (hereinafter "Notice of Hearing").

On May 6, 2015, the Arbitrator held a hearing at which only counsel for Petitioners appeared. *Id.* Ex. D (hereinafter "Opinion and Default Award of Arbitrator" or "Opinion") at 1. "There being no appearance on behalf of the Respondent or any request for adjournment or extension of time to appear, the [arbitrator] found the Respondent to be in default and proceeded to hear testimony and take evidence on the claims of the Petitioners." Opinion at 1. The arbitrator found that:

> [U]pon the substantial and credible evidence of the case as a whole . . . the Respondent-Employer, Bronx Base Builders, Ltd. is delinquent . . . and is obligated to pay delinquency, plus an Attorney's Fee to the Petitioners and the Fee of the undersigned Arbitrator, Court Costs, Audit Cost and Promotional Fund Fee all in accordance with the terms and provisions of the Collective Bargaining Agreement in the following amounts:

| | |
|---|---|
| Principal…………………………………………… | $ 826,569.48 |
| Total Interest…………………………………….. | $ 60,595.16 |
| Liquidated Damages……………………………….. | $ 165,313.90 |
| Promo Fund………………………………………... | $ 4,981.35 |
| Court Costs……………………………………… | $ 400.00 |
| Attorney's Fee…………………………………….. | $ 1,500.00 |
| Arbitrator's Fee…………………………………… | $ 500.00 |
| Audit Costs……………………………………… | $ 16,986.28 |
| **TOTAL** | $ 1,076,846.17 |

Opinion at 2–3. On May 9, 2015, Arbitrator Maher issued the Opinion granting the above-referenced award to Petitioners. *Id.* at 3. Petitioners assert that Respondent has failed to comply with the arbitrator's decision. Pet. ¶ 20.

Petitioners brought this petition to confirm the arbitral award (the "Petition") and recover attorney's fees and costs associated with its filing. The Court informed the parties that, pursuant to *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95 (2d Cir. 2006), it would adjudicate this action as a petition for confirmation and directed Petitioners to submit additional supporting materials.

## LEGAL STANDARD

The Federal Arbitration Act ("FAA") provides a "streamlined" procedure for a party seeking to confirm an arbitral award. *Hall Street Assocs. L.L.C. v. Mattell, Inc.*, 552 U.S. 576, 582 (2008). Typically, confirmation by a district court is a "summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair*, 462 F.3d at 110 (citing *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)). Yet "[a]rbitration awards are not self-enforcing." *Hoeft v. MVL Grp., Inc.*, 343 F.3d 57, 63 (2d Cir. 2003), *overruled on other grounds by Hall Street*, 552 U.S. 576 (2008). "Rather, 'they must be given force and effect by being converted to judicial orders by courts.'" *Primex Plastics Corp. v. TriEnda LLC*, No. 13-CV-321 (PAE), 2013 WL 1335633, at *2 (S.D.N.Y. April 3, 2013) (quoting *D.H. Blair*, 462 F.3d at 104).

A district court's review of an arbitral award is "extremely limited." *Rich v. Spartis*, 516 F.3d 75, 81 (2d Cir. 2008). The Second Circuit has "repeatedly recognized the strong deference appropriately due arbitral awards and the arbitral process, and has limited its review of arbitration awards in obeisance to that process." *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 138 (2d Cir. 2007); *see also Salzman v. KCD Fin., Inc.*, No. 11-CV-5865 (DLC), 2011 WL 6778499, at *2 (S.D.N.Y. Dec. 21, 2011); *NYKOOL A.B. v. Pac. Fruit Inc.*, No. 10-CV-3867 (LAK) (AJP), 2010 WL 4812975, at *5 (S.D.N.Y. Nov. 24, 2010) (collecting cases). Moreover, "the federal policy in favor of enforcing arbitration awards is particularly strong with respect to

4

arbitration of labor disputes." *New York Hotel & Motel Trades Council, AFL–CIO v. Hotel St. George*, 988 F. Supp. 770, 774 (S.D.N.Y. 1997) (citing *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 37 (1987)). "'[A]n arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached.'" *Rich*, 516 F.3d at 81 (quoting *Landy Michaels Realty Corp. v. Local 32B–32J Serv. Employees Int'l*, 954 F.2d 794, 797 (2d Cir. 1992)) (internal quotation omitted). Ultimately, courts in this circuit will vacate an arbitration award only if one of the four statutory bases enumerated in the FAA is violated. *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citing *Hall Street*, 552 U.S. at 582).[1]

A district court should "treat an unanswered . . . petition to confirm [or] vacate as an unopposed motion for summary judgment" and base its judgment on the record. *D.H. Blair & Co.*, 462 F.3d at 110. Accordingly, Petitioners must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To determine if there are any genuine issues of material fact, the Court must view the facts "in the light most favorable" to the non-moving party, *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014), and "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Even when the motion is unopposed, however, a court "'may not grant the motion without

---

[1] The FAA allows for vacatur in the following circumstances: "(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators . . . ; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a).

first examining the moving party's submission to determine if it has met its burden.'" *D.H. Blair*, 462 F.3d at 110 (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)); *see also Jackson v. Fed. Exp.*, 766 F.3d 189, 194 (2d Cir. 2014). If the moving party has not met its burden, "'summary judgment must be denied even if no opposing evidentiary matter is presented.'" *D.H. Blair*, 462 F.3d at 110 (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244) (emphasis omitted).

## DISCUSSION

## I.    Confirmation of Arbitral Award

Having considered the record presented here, and applying the "extremely limited" review appropriate in this context, the Court concludes that Petitioners have met their burden of showing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *Rich*, 516 F.3d at 81. Arbitrator Maher's decision reflects that he reached the judgment after reviewing the "substantial and credible evidence of the case as a whole." Opinion at 2. Courts in this district have confirmed awards in similar circumstances. *See, e.g.*, *Trustees of New York City Dist. Council of Carpenters Pension Fund v. Dejil Sys., Inc.*, No. 12-CV-005 (JMF), 2012 WL 3744802, at *3 (S.D.N.Y. Aug. 29, 2012) ("Although the Union has not presented this Court with copies of all the materials on which the arbitrator relied, there is no reason to doubt the arbitrator's interpretation of those materials."); *Trustees of the New York City Dist. Council of Carpenters Pension Fund v. Anthony Rivara Contracting, LLC*, No. 14-CV-1794 (PAE), 2014 WL 4369087 (S.D.N.Y. Sept. 3, 2014). Accordingly, the record here provides the Court with more than the required "barely colorable justification for the outcome reached." *Landy Michaels Realty Corp.*, 954 F.2d at 797.

## II.    Attorneys' Fees and Costs

Petitioners also request that the Court grant them the fees and costs incurred in the filing and prosecution of the instant action.  Under the terms of the CBA and The Employee Retirement Income Security Act of 1974 ("ERISA"), Petitioners are entitled to fees and costs.  *See* CBA at 44;[2] 29 U.S.C. § 1132(g)(2);[3] *see also Trustees of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund, Charity Fund v. Dedicated Indus. LLC*, No. 14-CV-7610 (RA), 2015 WL 4503695, at *5 (S.D.N.Y. July 23, 2015) ("In the circumstances of this case, an award of reasonable attorney's fees and costs is appropriate.  By agreeing to be bound by the CBA . . . Respondent agreed to submit to binding arbitration to resolve disputes arising under it.").  Having established that "[b]oth the CBA and ERISA authorize reasonable attorneys' fees and costs for actions regarding delinquent funds" the Court is left to determine whether the fees and costs requested are "reasonable" under these doctrines.  *Trustees of the New York City Dist. Council of Carpenters Pension Fund v. High Performance Floors Inc.*, No. 15-CV-0781 (LGS), 2016 WL 3194370, at *6 (S.D.N.Y. June 6, 2016); CBA at 44; 29 U.S.C. § 1132(g)(2).

Petitioner requests $1,890 in attorneys' fees and $470 in costs, totaling $2,360.  Pet. ¶¶ 29–31.  The Court, however, finds the amount requested excessive and will grant Petitioners the modified amount of $1,560.

---

[2] The CBA provides: "In the event that formal proceedings are instituted before a court of competent jurisdiction by the trustees of the of a Benefit Fund or Funds to collect delinquent contributions to such Fund(s), and if such court renders a judgment in favor of such Fund(s), the Employer shall pay to such Fund(s) . . . reasonable attorney's fees and costs of the action."

[3] The statute provides: "In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan . . . reasonable attorney's fees and costs of the action, to be paid by the defendant."

7

As a general rule, the party seeking the reward of attorneys' fees "bears the burden of . . . documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "The starting point for calculating a 'presumptively reasonable fee' is the 'lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *Trustees of New York City Dist. Council of Carpenters Pension Fund v. Richie Jordan Constr. Inc.*, No. 15-CV-3811 (PAE), 2015 WL 7288654, at \*4 (S.D.N.Y. Nov. 17, 2015) (*quoting Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)). To determine the reasonableness of the purported fees, the Court is obliged to look to "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Richie Jordan*, 2015 WL 7288654, at \*4.

Here, Petitioners seek $1,890.00 for 8.4 hours of work. Pet. ¶ 29. In support of this request, petitioners' counsel submitted an invoice detailing the specific tasks completed and the number of hours the personnel worked. *See id.*, Ex. E (hereinafter, the "Invoice"). Two attorneys of V&A worked on this case: Michael Issac and Milana Dostanitch. Isaac, an associate at V&A and a 2007 law school graduate, regularly represents multiemployer benefit plans in ERISA litigation and seeks a fee of $225 per hour for 0.40 hours worked. *Id.* ¶ 26; Invoice at 1–2. Dostanitch graduated from law school in 2014, primarily practices ERISA litigation, and also seeks a fee of $225 per hour for 8 hours of work. *Id.* ¶ 26; Invoice at 1–2.[4]

Regarding Isaac, this Court approves the rate of $225 per hour, as did Judge Engelmayer in a recent ERISA action. *See Richie Jordan*, 2015 WL 7288654, at \*4 ("[T]he Court approves a rate of $225 per hour for Isaac."). In that case, Judge Engelmayer also reduced the hourly rate requested by Dostanitch from $225 to $175 stating that the lower "rate is significantly more in line

---

[4] The Petition further indicates that V&A billed legal assistants' time at a rate of $100 per hour, but the Invoice does not list any billings for legal assistants' time. Pet. ¶ 27; Invoice at 1.

8

with approved rates for junior associates in this District." *Id.* at 5 (noting that the reduction was not "a commentary on the quality of representation—it [was], rather, the numerical discrepancy that one would expect between an experienced ERISA associate like Isaac (who bills at a rate of \$225 per hour) and a new attorney one and a half years removed from law school.").[5] This Court agrees and awards a rate of \$175 per hour for Dostanitch. Applying the modified hourly rate of \$175 for Dostanitch, who worked 8 hours total on this case, the total attorneys' fee award is \$1,490.

Counsel for Petitioners further request costs incurred in this matter amounting to \$470: \$400 for a "Court Fee" and \$70 for a "Service Fee." Invoice at 2. The \$400 Court fee, however, appears to have already been awarded to Petitioner by the arbitrator. *See* Opinion at 2–3. Although perhaps an oversight, Petitioners' counsel has committed the same error before this very Court. *See Dedicated Indus. LLC*, 2015 WL 4503695, at \*5 ("[T]he Court finds that Petitioners' request for attorney's fees and costs is reasonable in the circumstances, except costs in the amount of \$400" because this amount "represent[s] court filing fees that were already accounted for in Arbitrator Maher's Award."). The Court cautions Petitioners' counsel to more carefully review its requests to ensure that it is not seeking costs previously awarded. Accordingly, the Court grants to Petitioners costs of \$70, which, when added to the attorneys' fee award, amounts to \$1,560.

---

[5] The Court recognizes that Dostanitch has a half-year more experience than when Judge Engelmayer considered the fee award in *Richie Jordan*, but this six month period does not alter the Court's analysis.

9

## **CONCLUSION**

For these reasons, the petition to confirm the arbitral award is granted. The award is confirmed, and the Clerk of Court is directed to enter judgment in favor of Petitioners and against Respondent in the amount of $1,076,846.17 plus attorneys' fees and costs in the amount of $1,560. The Clerk of Court is also respectfully directed to close this case.

SO ORDERED.

Dated:    June 29, 2016
          New York, New York

Ronnie Abrams
United States District Judge